**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: June 23 2017**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 16-33008 |
| | ) | |
| Robert A. Herrig, Jr., and | ) | Chapter 13 |
| Melissa S. Herrig, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION AND ORDER DENYING
### MOTION FOR LEAVE TO FILE LATE PROOF OF CLAIMS

The case came before the court for hearing on Movant Tax Ease Ohio, LLC's Motion for Leave to File Late Proof of Claims [Doc. # 56] and Debtors' Objection [Doc. # 60]. The Chapter 13 Trustee and Movant's attorney attended the hearing in person, and Debtors' attorney attended by telephone.

The district court has jurisdiction over this Chapter 13 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings involving a creditor's proof of claim are core proceedings that the court may hear and determine under 28 U.S.C. § 157(b)(1) and (b)(2)(B) and (O). For the reasons that follow, Movant's motion will be denied.

### FACTUAL BACKGROUND

Debtors filed a joint petition for relief under Chapter 13 of the Bankruptcy Code on September 23,

2016. Movant is listed on Debtors' Schedule D as holding a claim secured by the property at 2175 Hessville Road, Elmore, Ohio, [Doc. # 1, p. 20/65], which is their residence, [Doc. # 1, p. 2/65]. The Bankruptcy Noticing Center Certificate of Notice shows that a Notice of Chapter 13 Bankruptcy Case ("Notice") was sent to Movant by first class mail on September 29, 2016. [Doc. # 10]. The Notice states that the meeting of creditors would be held on November 17, 2016, and that the deadline for all creditors except governmental units to file a proof of claim was February 15, 2017. Movant did not file a proof of claim by this date and does not contend that it did not receive the Notice of Meeting of Creditors.

Debtors filed their proposed Amended Chapter 13 Plan on April 5, 2017. [Doc. # 48]. Debtors' Amended Plan, as well as their originally filed plan, set forth their proposed treatment of the debt owed to Movant, stating that it would be paid in full through the Plan. However, Debtor did not file a proof of claim on Movant's behalf. Due to post-petition income changes, however, Debtors' proposed Amended Plan would not have been feasible if the proposed payments to Movant were included (and if Movant had filed a proof of claim).

On May 9, 2017, the court held a hearing on confirmation of Debtors' proposed Amended Plan. Movant's claim and lien on Debtors' home arises from unpaid real property taxes. At the hearing, the court confirmed on the record with Debtor Melissa Herrig and Debtors' attorney that Debtors did not want to file a claim on Movant's behalf and understood that they have the option to do so and that not doing so would mean that Movant's lien and the debt owed to Movant (which is not a personal liability of Debtors under Ohio law in any event) would still exist to be addressed after the completion of their Amended Plan. In other words, the court confirmed that the tax debt encumbering their home wasn't going away on plan completion even in the absence of a proof of claim from or on behalf of Movant. Upon confirming Debtor Melissa Herrig's understanding and decision that Debtors would worry about that problem when the proverbial "tomorrow" arrived, the court found that the Amended Plan was feasible and would be confirmed. On May 24, 2017, the court electronically entered the written order confirming Debtors' Amended Plan. [Doc. # 58].

On May 23, 2017, Movant filed its motion for leave to file a late proof of claim.

## LAW AND ANALYSIS

Rule 3002, entitled "Filing Proof of Claim or Interest," provides in relevant part as follows:

**(a) Necessity for filing**
An unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004, and

2

16-33008-maw    Doc 68    FILED 06/23/17    ENTERED 06/23/17 15:10:30    Page 2 of 5

>    3005.
>
>    . . . .
>
>    **(c) Time for filing**
>    In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code. . . .

Fed. R. Bankr. P. 3002(a) & (c). Rule 3002(c) also includes a list of circumstances that permit a court to enlarge the deadline for filing a proof of claim, none of which apply in this case. Fed. R. Bankr. P. 3002(c)(1) - (6). Bankruptcy Rule 9006(b) provides that the court may enlarge the time for taking action under Rule 3002(c) "only to the extent and under the conditions stated in [that] rule[]." Fed. R. Bankr. P. 9006(b)(3).

While any creditor *may* file a proof of claim, 11 U.S.C. § 501(a), Rule 3002(a) *requires* only unsecured creditors to file a proof of claim for the claim to be allowed. A secured creditor in a chapter 13 case may, but is not required to, file a proof of claim. *In re Oudomsouk*, 483 B.R. 502, 507 (M.D. Tenn. 2012). Instead, a secured creditor may choose not to participate in the bankruptcy case and, generally speaking, after the bankruptcy case is concluded, look to its lien for satisfaction of the debt to the extent of its *in rem* rights. *Id.; Matteson v. Bank of Am., N.A. (In re Matteson)*, 535 B.R. 156, 161-63 (B.A.P. 6th Cir. 2015). But if a secured creditor wishes to participate and receive distributions in a Chapter 13 case, a proof of claim must be filed. *In re Pajian*, 785 F.3d 1161, 1163 (7th Cir. 2015); *Matteson*, 535 B.R. at 163.

Courts disagree on whether the Rule 3002(c) filing deadline applies to proofs of claim filed by secured creditors. *Compare In re Harris*, 64 B.R. 717, 718-19 (Bankr. D. Conn. 1986) (Rule 3002(c) deadline does not apply); *In re Hudson*, 260 B.R. 421, 431, 438 (Bankr. W.D. Mich. 2001) (citing Rule 3002(a) and (c) and stating that neither the Bankruptcy Code nor the Rules impose any deadline for filing a secured claim but that there is some point after which it will be too late to file a proof of claim); *In re Moehring*, 485 B.R. 571, 582-83 (Bankr. S.D. Ohio 2013) (citing *In re Hudson* and finding that the deadline does not apply) *with In re Pajian*, 785 F.3d at 1164-65 (3002(c) applies to all creditors, including secured creditors); *In re Kelley*, 259 B.R. 580, 584-85 (Bankr. E.D. Tex. 2001) (same); *In re Baucek*, 280 B.R. 533, 537 (Bankr. D. Kan. 2002) (same).

This court recently addressed this issue and found the reasoning in *In re Pajian* persuasive. *In re*

3

*Dumbuya,* No. 33176, 2017 WL 486917, 2017 Bankr. LEXIS 327 (Bankr. N.D. Ohio Feb. 6, 2017). In *In re Pajian*, the Seventh Circuit Court of Appeals considered the fact that subsection (c), "on its face, applies to any 'proof of claim'" without distinguishing between secured and unsecured claims and that the exceptions to the filing deadline in that subsection "mention[] both 'claim[s]' and 'unsecured claim[s].'" *In re Pajian*, 785 F.3d at 1164 (comparing Fed. R. Bankr. P. 3002(c)(3), which under certain circumstances, excepts from the deadline a proof of claim for "an unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment") *with* Fed. R. Bankr. P. 3002(c)(4), which excepts a "claim arising from the rejection of an executory contract . . ."). The court concluded that "the drafters knew how to distinguish between *all* claims and *unsecured* claims" *Id.* (emphasis in original). The court explained that subsection (a) of Rule 3002 "deals with a different topic" than subsection (c). *Id.* Rule 3002(a) deals with "who *must* file in order to collect on debts," while Rule 3002(c) deals with the filing deadline for any "proof of claim," not just an "unsecured creditor's proof of claim." *Id.* The court concluded that there is no reason why the limitation in subsection (a) should carry over to subsection (c). *Id.*; *accord In re Kelley*, 259 B.R. 580, 585 (Bankr. E.D. Tex. 2001).

The court in *In re Pajian* found support for its conclusion in considering principles of sound judicial administration.

> Requiring all creditors to file claims by the same date allows the debtor to craft and finalize a Chapter 13 plan without the concern that other creditors might swoop in at the last minute and upend a carefully constructed repayment schedule. If we held otherwise, secured creditors could wreak havoc on the ability of the debtor and the bankruptcy court to assemble and approve an effective plan. Each tardy filing from a secured creditor would likely require the debtor to file a modified plan, which would have to be served on all interested parties and considered by the court. All this would often lead to disruptive delays in plan confirmation hearings and would ultimately hinder the bankruptcy court's ability to manage its docket.

*In re Pajian*, 785 F. 3d at 1164. It found further support in the recent proposal of the United States Judicial Conference's Advisory Committee on Bankruptcy Rules to amend Rule 3002(a) to clarify that a secured creditor must file a proof of claim in order to have an allowed claim. *Id.* at 1165.

In *In re Dumbuya*, this court also considered the interplay of Rule 3004 of the Federal Rules of Bankruptcy Procedure with the Rule 3002(c) filing deadline. Rule 3004 permits a Chapter 13 debtor to file a proof of claim on a creditor's behalf, but only "if the creditor does not timely file a proof of claim under Rule 3002(c)." Fed. R. Bankr. P. 3004. Rule 3004 makes no distinction between unsecured creditors and secured creditors. It only refers to "a creditor." Absent the Rule 3002(c) filing deadline being applicable to

4

a secured creditor, where a secured creditor does not file a claim, a debtor would be unable to file a claim on the creditor's behalf and utilize a Chapter 13 plan to cure a default and maintain payments on the secured claim pursuant to 11 U.S.C. § 1322(b)(5), which is often the primary reason for seeking relief under Chapter 13. *See* Fed. R. Bankr. P. 3021 (providing that "after a plan is confirmed, distribution shall be made to creditors whose claims have been allowed"); 11 U.S.C. § 502(a) (providing for allowance of claims, "proof of which is filed under section 501").

Movant nevertheless cites *Pioneer Investment Services Co. v. Brunswich Associates Limited Partnership*, 507 U.S. 380 (1993), for the proposition that the court has the equitable power to allow a late proof of claim notwithstanding the bar date. That case, however, is distinguishable. *In Pioneer,* the United States Supreme Court addressed the time for filing proofs of claim not in a Chapter 13 case but in a Chapter 11 case, the requirement for which is set forth in Rule 3003(c). *See id.* at 382. Enlargement of time under Rule 3003(c) is governed by the "excusable neglect" standard of Rule 9006(b)(1). *Id.* As explained above, enlargement of time under Rule 3002(c) is governed by Rule 9006(b)(2), which provides that time may be enlarged under Rule 3002(c) only to the extent and under the conditions stated in Rule 3002, none of which apply in this case.

Because the court finds that the ninety-day filing deadline in Rule 3002(c) applies to secured as well as unsecured creditors, and because Movant does not contend that any of the conditions for enlarging time under Rule 3002(c) apply, it is not entitled to file a late proof of claim and its Motion will be denied.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Tax Ease Ohio, LLC's Motion for Leave to File Late Proof of Claims [Doc. # 56] be, and hereby is, **DENIED.**

###

5

16-33008-maw    Doc 68    FILED 06/23/17    ENTERED 06/23/17 15:10:30    Page 5 of 5